CHANCERY

Case 112.

October 9.

Statement of
the facts.

Bill of Samuel January.

## January vs. January, Lytle & Steel.

Error to the Mason Circuit; W. P. ROPER, Judge.

*Practice. Chancery. Liens. Equity. Jurisdiction. Principal and Surety.*

Chief Justice BIBB delivered the Opinion of the Court.

In the year 1818, Samuel January sold to Thomas H. January part of lot No. 13, with the buildings thereon, in the town of Maysville, for nine thousand dollars, payable in instalments; all of which were paid except the last and a fraction of the next preceding one, which is now part of the subject of controvrsy. Samuel gave his bond to convey the lot, and took simple notes for the purchase money, without any other security. Thus holding the equitable claim by bond only, Thomas conveyed the lot to Lytle and Steele of Ohio, to indemnify them against the consequences of becoming his bail in an action commenced against him in that State. They had the money to pay after it was recovered against them by judgment, as his bail, whereby the mortgage became forfeited.

In the year 1822, Samuel January filed this bill, making both Thomas H. January and Lytle and Steele defendants, to enforce the lien which he held

on the estate for the purchace money unpaid, suggesting the insolvency of Thomas.

Lytle and Steele admit the superiority of the lien of Samuel January, and pray that they may come in next to him for satisfaction in the sale of the estate; and they add to their answer a cross bill for that purpose.

Thomas H. January questions the title of Samuel; prays a rescission of the contract, and that the money which he has paid may be restored, and enough of it paid to Lytle and Steele to satisfy their claim, which he admits to be valid.

The court below settled the account between Samuel and Thomas H January, as well as between Lytle and Steele and Thomas H. January, and decreed a sale of the estate, and the demand of Samuel January to be first satisfied; and Thomas H. January has prosecuted his writ of error.

We have not thought it necessary to recite in detail the controversy relative to the validity of the title. It involves, in this respect, no question new or difficult, and moreover rests chiefly on facts, a report of which could be of no use as a precedent. Nor do we see any error in settling the accounts between the parties, which is questioned by the assignment of error. Suffice it to say, that on these points the court below seems to have decided correctly, and to have committed no error of which Thomas H. January could complain.

But the court nevertheless has erred, to his prejudice, in making their decree, in other respects. Time for payment or redemption indeed was given; but the court seems to have turned the residue of the controversy out of doors to be settled between the commissioner and parties. The former was to judge of the payment and tender, and to determine accordingly whether the estate should or should not be sold. This ought to have been settled according to repeated decisions of this court, after the day of payment expired in term time, and the power to adjudicate thereon could not be delegated to a commissioner.

JANUARY
vs.
JANUARY &o.

Act of assembly directing sales under decrees in chancery on longer credit than at the date of the contract, unconstitutional, and so far void.

As the decree for this cause must be reversed, we proceed to notice another error committed against the complainant, as well as the defendants, Lytle and Steele They were subjected to a credit, according to the act of Assembly, unless they would accept bank paper, longer than the law allowed, when the respective contracts between the respective parties were made; when, according to the repeated decisions of this court, the acts of Assembly in question could not constitutionally operate on contracts made before their passage, or render such contracts more worthless by extending the time of payment.

Where the chancellor has jurisdiction to rescind or enforce a contract for land, and he orders a sale, he will not stop there, but decree *in personam* any balance that may remain.

Otherwise in case of mortgages where there is remedy at law.

It is objected that the court erred in decreeing the amount to be paid to Samuel January positively, and that it ought only to have enforced the lien, and left the complainant to his remedy at law to recover the balance, if the estate, when sold, should fall short of satisfying the demand. We think differently. It is true, that, under the principles of equity, a court of chancery, when a demand purely of legal cognizance is secured by a mortgage, will not enforce it further than to subject the mortgaged estate to its satisfaction. But this is a contract for land, of which equity has jurisdiction, either to enforce it in favor of either party, or to enforce any lien necessary to its completion; and, in such case, where chancery takes hold of the subject, it will finish it by an entire decree, subjecting the estate mortgaged and decreeing the balance to be paid.

Equity had anciently the exclusive jurisdiction of the cases of sureties against their principals; the jurisdiction is now concurrent.

As to the claim of Steele and Lytle, who also, by their cross bill, stand in the attitude of complainants, their claim has arisen against Thomas H. January, for money paid by them for him as his sureties, and of such a claim chancery has complete jurisdiction to decree the amount thereof. A bill in equity was formerly the proper remedy in such case, and at length courts of law took up the subject, and afforded a remedy; but this did not divest the chancellor of his powers over it. The court, therefore, did not enforce either claim beyond its powers. But because the decree is erroneous, on the other grounds already stated, it must be reversed with

cost, and the cause be remanded that such decree and proceedings may be had therein, as shall conform to this opinion.

*Haggin* for plaintiff; *Crittenden* for defendants.